# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FRANK HUNSAKER,

                Plaintiff,

v.                                                      Case No. 09-2666-KHV-GLR

THE PROCTOR & GAMBLE
MANUFACTURING COMPANY,

                Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to List Treating Health Care Providers as Experts Out of Time (ECF No. 26). Plaintiff requests that the Court allow him to disclose out of time two of his treating health care providers as potential expert witnesses. His counsel mistakenly believed that treating health care providers were not subject to disclosure as potential expert witnesses under Fed. R. Civ. P. 26(a)(2). Realizing his error, Plaintiff filed the instant motion August 16, 2010, about three weeks after the deadline for service of his expert witness disclosures.

Defendant opposes the motion. It argues that Plaintiff has repeatedly failed to disclose any health care providers as witnesses who may testify as to his medical treatment, much less as expert witnesses. Defendant contends that the deadline for expert disclosures by Plaintiff has passed, that he failed to adequately disclose these providers in his initial Rule 26 disclosures, and that he failed to supplement his disclosures to identify them or include the specific substance of their knowledge by the deadline of August 9, 2010. It also suggests that Plaintiff provided factually incomplete and

inaccurate information in his answers and responses to discovery about the treatment provided. Given a discovery deadline of September 18, 2010, Defendant asserts it is entitled to focus on its dispositive motion without the distraction of reconsidering strategic, tactical and economic decisions it made in relying upon the deadlines provided by the Scheduling Order. It says it will be prejudiced, if required to recalibrate its strategy and economic decisions upon allowing Plaintiff to identify experts after willfully and repeatedly failing to meet his duties to disclose them.

**I.    Background Facts**

Plaintiff filed this employment discrimination case on December 27, 2009. On April 8, 2010, the Court sustained Defendant's Motion to Dismiss All Claims Other Than the ADEA and ADA Discriminatory Termination claims.[1] It left at issue the claims of Plaintiff for discriminatory termination, based on age and disability. During his employment Plaintiff sought the assistance of a number of health care providers for different medical issues. They included counselor Mike Bick and psychiatrist Dr. Nabil El-Halawany.

On May 20, 2010, the Court entered its Scheduling Order.[2] It set a deadline of July 23, 2010, for Plaintiff to serve expert disclosures, as required by Fed. R. Civ. P. 26(a)(2). It also set a deadline of September 18, 2010, to complete discovery.

On June 2, 2010, Plaintiff served his responses and objections to Defendant's First Interrogatories and Request for Production of Documents.[3] He identified Mike Bick and Dr. Nabil El-Halawany in response to Defendant's Interrogatory No. 9, which asked Plaintiff to identify treating "physicians, psychologists, counselors, medical doctors, . . . psychiatrists, therapists . . ."

---

[1] *See* Order (ECF No. 13).

[2] ECF No. 15.

[3] *See* Certificate of Service (ECF No. 17).

whom he saw from January 2, 2004 to the present.[4]  On June 4, 2010, Plaintiff served his Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a) Disclosures.[5]  They identified Mike Bick as an individual likely to have discoverable information to support his claims.  They did not identify Dr. Nabil El-Halawany.  Plaintiff never supplemented his discovery responses as to health care providers, treatment or medical records.

Three weeks after the deadline of July 23, 2010, for disclosing his experts, Plaintiff filed the present motion.  He thereby seeks leave to serve expert disclosures out of time as to a counselor, Mike Bick, and a psychiatrist, Dr. Nabil El-Halawany.

## II. Legal Standard

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  A party must make these disclosures at the time and in the sequence that the court orders.[6]  The purpose of the disclosure of experts, pursuant to Federal Rule of Civil Procedure 26(a)(2), is to "ensure opposing parties have a reasonable opportunity to prepare an effective cross examination and, if needed, retain their own expert."[7]

If a party fails to make these disclosures by the deadline in the Scheduling Order, under Fed. R. Civ. P. 6(b)(1)(B), the court may for good cause extend the time, if the party shows it "failed to

---

[4]Ex. A to Def's Opp. to Pl.'s Mot. for Leave to List Treating Health Care Providers as Experts Out of Time (ECF No. 35-1).

[5]Ex. B to Def's Opp. to Pl.'s Mot. for Leave to List Treating Health Care Providers as Experts Out of Time (ECF No. 35-2).

[6]Fed. R. Civ. P. 26(a)(2)(C).

[7]*Hogdon Powder Co., Inc. v. Alliant Techsystems, Inc.*, 2007 WL 3228822, at *1 (D. Kan. Oct. 23, 2007).

act because of excusable neglect."[8] Likewise, D. Kan. Rule 6.1(a) provides that "[a]bsent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." "Excusable neglect" is an "elastic concept"[9] and the court considers "all relevant circumstances surrounding the party's omission."[10] Four specific factors that courts frequently consider are: (1) the danger of prejudice to the other side; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[11] "[F]ault in the delay remains a very important factor - perhaps the most important single factor - in determining whether neglect is excusable."[12]

## III. Discussion

Analyzing the four factors set out above, the Court finds little, if any, danger of prejudice to Defendant if the requested disclosure of these health care providers as potential expert witnesses is now allowed. Trial is five months away. Defendant has already obtained Plaintiff's medical records from both providers. Plaintiff has agreed to a reasonable extension of time for Defendant to depose the two witnesses and to retain its own experts, should it so choose, to respond to the additional disclosures and thus avoid any prejudice.

In this instance, the length of the delay is short. It would hardly impact the proceedings.

---

[8] Fed. R. Civ. P. 6(b)(1)(B).

[9] *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391 (1993). *See also Sefried v. Metzger*, Civ. A. No. 08-2243-CM-GLR, 2009 WL 166550, at *2 (D. Kan. Jan. 21, 2009).

[10] *Pioneer,* 507 U.S. at 395.

[11] *Id.*

[12] *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994), *cert. denied* , 513 U.S. 1191 (1995).

4

Plaintiff filed this motion three weeks after the deadline. Allowing additional time to comply with Rule 26(a)(2) should not disrupt the trial setting of March 7, 2011. The Court recognizes that Defendant may have made strategic, tactical, and economic judgments, based upon the expired deadlines. But it finds little persuasion in the suggestion that a complete recalibration of Defendant's strategic, tactical and economic decisions will be necessary from granting this motion.

The reason for the delay appears to have been within the control of counsel for Plaintiff. This factor weighs against the motion.

The Court finds that the conduct of Plaintiff falls short of the bad faith suggested by Defendant. As reason for the delay, Plaintiff has submitted the mistaken assumption by his counsel that treating health care providers need not be disclosed as expert witnesses under Fed. R. Civ. P. 26(a)(2). That assumption may be valid to a limited extent of allowing such testimony, without formal disclosure, if it covers only what the provider concluded for the limited purposes of his or her own examination, diagnosis, and treatment of the patient. Defendant says the motion is a result of sandbagging and stonewalling. The Court does not find that the failure to serve the expert disclosures by the deadline in Scheduling Order in this instance was more than an excusable mistake of counsel. The Court admonishes counsel for Plaintiff to be more diligent to avoid that mistake in the future.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to List Treating Health Care Providers as Experts Out of Time (ECF No. 26) is granted. **<u>Within twenty (20) days of the date of this Memorandum and Order</u>**, Plaintiff shall serve his expert witness disclosures, as required by Fed. R. Civ. P. 26(a)(2), for two treating health care providers, Mike Bick and Dr. Nabil El-Halawany.

**IT IS FURTHER ORDERED THAT** the deadline of August 27, 2010, for expert

disclosures by Defendant is extended to **30 days after service of Plaintiff's expert disclosures**.

Dated in Kansas City, Kansas on this 5th day of October, 2010.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge