IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK HUNSAKER,

                              Plaintiff,

v.                                                                            Case No. 09-2666-KHV

THE PROCTOR & GAMBLE
MANUFACTURING COMPANY,

                              Defendant.

**MEMORANDUM AND ORDER**

Plaintiff brings claims against her employer for discriminatory termination, based on age under the Age Discrimination in Employment Act ("ADEA") and actual or perceived disability under the Americans with Disabilities Act ("ADA"). The Court has before it Defendant's Motion for Leave to Serve Rule 45 Subpoenas for the Production of Documents from Third Parties After the Scheduling Order Close of Discovery (ECF No. 45). Defendant requests leave after the discovery deadline to serve five subpoenas for business records. The subpoenas seek documents arguably relevant to the efforts of Plaintiff to obtain employment and to mitigate his damages for lost wages. Opposing the motion, Plaintiff argues the subpoenas are untimely under the Scheduling Order. He further contends Defendant has not met its burden to show that it could not have served the discovery timely. He also asserts procedural and substantive objections to the subpoenas. The Court grants the motion in part and denies it in part.

**I.**     **Request to serve subpoenas after the discovery deadline**

Plaintiff argues that the subpoenas Defendant seeks to serve are untimely under the Scheduling Order, which provides that "[a]ll discovery shall be commenced or served in time to be

completed by September 18, 2010." Defendant maintains that it issued the subpoenas in a timely manner. It alternatively argues it has good cause to serve them after the discovery deadline, because it did not learn of the existence of the documents it seeks until it deposed Plaintiff on September 6, 2010. At that time, it realized there were deficiencies in Plaintiff's earlier responses to discovery. It now seeks leave to serve subpoenas on five non-parties: three Internet-based entities through which Plaintiff sought employment opportunities, the local library where he used its computer and Internet services, and his current employer. On September 17, 2010, the day before the discovery deadline, Defendant served Plaintiff with notice of the subpoenas. They commanded production of documents at the offices of defense counsel in Kansas City, Missouri, on October 8, 2010. After Plaintiff objected to the subpoenas, Defendant filed the instant motion on September 22, 2010.

The Court finds that the subpoenas are untimely under the Scheduling Order. They required production on October 8, 2010, after the deadline of September 18, by which discovery was to be completed. Consistent with Fed. R. Civ. P. 16(b), however, the Scheduling Order also provides for extension of the discovery deadline for good cause. Defendant explains that it first learned of the documents it now seeks, when it deposed Plaintiff on September 6, 2010. Plaintiff testified that he used a computer to search for employment. Defendant had previously served its Interrogatory No. 13, which asked Plaintiff to identify his "internet service carriers or providers, account numbers and billing addresses for the period November 2008 to the present," and "all computers and telephones on which [he] sent or received email during that same period."
On May 3, 2010, Plaintiff answered Interrogatory 13 as follows:

> Plaintiff objects that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. <u>Subject to and</u>

2

<u>without waiving this objection, Plaintiff states he does not have internet services.</u>[1]

Plaintiff later testified in deposition that he had obtained a laptop computer in December 2009 and used it to send and receive emails and to search for jobs through the Internet services of Mid-Continent Public Library.[2]

Defendant also served Request for Production No. 4, which asked Plaintiff to produce:

> [A]ll documents including cover letters, resumes, applications, correspondence, advertisements, and job postings demonstrating efforts by plaintiff to secure employment from 2008 to the present and identifying employers whom plaintiff contacted regarding employment from 2008 to the present.[3]

In response, Plaintiff produced a handwritten log, listing companies with whom he had applied for employment between January 2009 and August 2010.[4] He also produced a cover letter, resume, and two letters of denial,[5] informing him he had not been selected for employment. Plaintiff testified in deposition that the handwritten list did not reflect all the employers with whom he sought employment. He also testified that he did not keep copies of all the documents and emails he sent to or received from potential employers.

The Court finds Defendant has shown good cause for allowing the requested discovery, if otherwise appropriate, after the deadline of September 18. Plaintiff's response to Interrogatory 13

---

[1] Pl.'s Resp. and Objections to Def.'s First Interrogs., Ex. J to Def.'s Mot. for Leave to Serve Subpoenas (ECF No. 46-10) (underscoring added).

[2] Pl. Dep. 167-68, 338, Sept. 6, 2010, Ex. K to Def.'s Mot. for Leave to Serve Subpoenas (ECF No. 46-11).

[3] Pl.'s Resp. and Objections to Def.'s First Req. for Produc. of Docs. and Things, Ex. L to Def.'s Mot. for Leave to Serve Subpoenas (ECF No. 46-12).

[4] Ex. M to Def.'s Mot. for Leave to Serve Subpoenas (ECF No. 46-13).

[5] Ex. N to Def.'s Mot. for Leave to Serve Subpoenas (ECF No. 46-14).

was misleading. Defendant had just reason to rely upon it and the documents produced during discovery. Defendant has shown that only upon its deposition of Plaintiff on September 6, 2010, did it learn of his searches for employment by use of the computer and internet services of the Library. Plaintiff faults Defendant for deferring his deposition until late in the discovery period. He cites no rule, and the Court otherwise knows of none, that requires a party deposition to be taken either early or late in the discovery period. In any event, his objection does not trump the showing of good cause to extend the discovery deadline for the limited purpose that Defendant seeks.

## II.     Procedural and substantive objection to the subpoenas

Plaintiff also asserts procedural and substantive objections to the proposed subpoenas. He argues that three of them are facially defective, because they are issued by the United States District Court for the Western District of Missouri to corporate entities within the District of Kansas. Next he argues that the subpoena for Mid-Continent Library is overly broad and violates his right to privacy. Finally he argues that the subpoena to be served upon his current employer is oppressive, retaliatory, and seeks irrelevant information.

As the subpoenas have not yet been served, the Court construes these procedural and substantive objections essentially as a motion by Plaintiff for protective order, pursuant to Federal Rule of Civil Procedure 26(c). Upon a showing of good cause, the rule authorizes an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the discovery, forbidding inquiry into certain matters, or limiting the scope of discovery to certain matters.[6] The party seeking the protective order has the burden to show good

---

[6]Fed. R. Civ. P. 26(c)(1).

4

cause for it.[7] To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[8] Whether to enter a protective order is within the court's sound discretion.[9]

### A. Objection to subpoenas being issued from the United States District Court for the Western District of Missouri rather than the District of Kansas

Plaintiff objects to the manner of issuing subpoenas for Career Builder, LLC; Kelly Services, Inc.; and Monster Worldwide, Inc. He argues they are facially defective, because they are issued by the United States District Court for the Western District of Missouri, rather than the District of Kansas. He notes that these three subpoenas are for entities in Kansas and therefore should be issued by this Court.

Federal Rule of Civil Procedure 45(a)(2)(C) provides that a subpoena for production or inspection must issue "from the court for the district where the production or inspection is to be made." The subpoenas to be served on Career Builder, Kelly Services, and Monster Worldwide command that production be made at the offices of defense counsel in Kansas City, Missouri. The place where production is to be made is therefore Kansas City, Missouri.[10] The Court finds no basis for sustaining the procedural objection.

---

[7]*Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

[8]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[9]*Thomas v. Int'l Bus. Mach. Inc.,* 48 F.3d 478, 482 (10th Cir. 1995).

[10]*See Stewart v. Mitchell Transp.*,Civ. A. No. 01-2546-JWL, 2002 WL 1558210, at *3 (July 8, 2002) (the place of production was the law office of Plaintiff's counsel, the place where the subpoena commanded the documents be produced).

### B. Objection that subpoena to be served on Mid-Continent Library is overly broad and violates Plaintiff's right of privacy

Plaintiff argues that the subpoena for Mid-Continent Library ("Library") is overly broad and violates his right to privacy. That subpoena commands the Library to produce:

> Any and all documents referring or relating to access to or use of the library's public computers or Wi-Fi Internet service by Frank Hunsaker [library card number . . . , from January 2, 2009 through the present including, but not limited to:
>
> 1. All data and information reflecting the dates and times that [Plaintiff's] account was used to log on and off the library's public computers or its Wi-Fi service, including the duration of time logged in.
>
> 2. The browser history and/or all records reflecting the Internet websites accessed through the library's public computers or its Wi-Fi service by [Plaintiff's] account, including the dates and times of access of each site.

Plaintiff argues that the subpoena is overly broad because it does not limit its request to Internet job sites or on-line applications for employment. Instead it seeks every website he accessed for over a year and ten months at a public library. He also argues that the subpoena violates his constitutional right to privacy. He objects that it would allow Defendant to peer into his most intimate and personal searches on the Internet.

Defendant argues that the scope of the subpoena for the Library is warranted by Plaintiff's deficient discovery responses, as well as his failure to preserve documents to support his reported efforts to seek other available employment. Plaintiff testified that his efforts to find employment were largely made through the Internet at the Library and that he sometimes spent hours of a day in seeking employment opportunities. He also testified that he did not remember all of the companies from which he sought employment. Defendant asserts that Plaintiff's inability to provide detailed information about his employment efforts during eighteen months of unemployment necessitates the search for this information from sources that can provide it. It characterizes this

6

information as essential to its defense that Plaintiff failed to mitigate his damages.

Federal Rule of Civil Procedure 45 does not include relevance or overbreadth as enumerated reasons for objecting to a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.[11] Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.[12]

A party objecting to a discovery request on the grounds that the request is overly broad has the burden to support its objection, unless the request is overly broad on its face.[13] Reviewing the subpoena proposed for the Library, the Court finds it overly broad on its face. It seeks, without limitation, all Internet websites Plaintiff accessed through the Library's public computers or its Wi-Fi service. It contains no limitation upon the scope of the information, such as relevant employment search websites. Because the subpoena is unlimited as to a reasonable scope for the information sought, the Court sustains the objection that it is overly broad.

In addition to discretionary authority to set the scope and limits of discovery, Rule 26(b)(2)(C) *requires* a court to limit the frequency and extent of discovery under certain

---

[11]*Stewart*, 2002 WL 1558210, at *3 (citing Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendments).

[12]*See Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 591-92 (D. Kan. 2003) (recognizing relevancy objection to a subpoena); *Phalp v. City of Overland Park, Kan.*, No. 00-2354-JAR, 2002 WL 1162449, at *3-4 (D. Kan. May 8, 2002) (applying general principles of overbreadth and relevance to subpoena duces tecum); *Stewart*, 2002 WL 1558210, at *3-4 (recognizing overbreadth and relevancy objections to subpoenas).

[13]*Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997).

circumstances. It must limit the proposed discovery, if it determines that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;[14] or that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.[15] All discovery, including that sought through a subpoena, is subject to these limits.[16]

Were Defendant to serve a modified, more limited subpoena on the Library, the Court finds that the information to be obtained is outweighed by the burden and expense the Library and the parties would incur in responding to the subpoena. Defendant has already obtained substantial discovery, relevant to its defense of failure to mitigate. That discovery has included not only the deposition of Plaintiff, but also a handwritten log of potential employers with whom he purports to have sought employment.[17] The list contains over 250 entries. It covers a time span from January 11, 2009, through July 16, 2010. As already noted, relevancy is not the sole criterion by which the Court must address discovery issues. Considering the importance of the issues, the relative importance of the information to refute efforts to mitigate damages, and the discovery on that issue already obtained by Defendant, the Court finds the burden or expense of requiring a further computer search by the Library outweighs the likely benefit of this proposed discovery. The Court

---

[14] Fed. R. Civ. P. 26(b)(2)(C)(i).

[15] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[16] *See* Fed. R. Civ. P. 26(b)(1) ("All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).").

[17] Ex. M to Def.'s Mot. for Leave to Serve Subpoenas (ECF No. 46-13).

8

also finds that a protective order against a subpoena that would provide all computer use by Plaintiff for eighteen or twenty months is appropriate against the requested unlimited search for personal information. The Court thus protects against annoyance and embarrassment of requiring a search that could encroach upon irrelevant and intimate or personal communications. For all the foregoing reasons the Court denies the motion with respect to the subpoena to be served on the Library.

**C. Objection that the subpoena to be served on Plaintiff's current employer is oppressive, retaliatory, and seeks irrelevant information**

Plaintiff argues that the subpoena Defendant would serve upon his current employer is oppressive, retaliatory, and seeks irrelevant information. It commands his employer to produce the following:

1. A complete copy of any and all employment records regarding and/or the personnel file of [Plaintiff] . . . concerning his employment with or through Kelly Services, Inc., including but not limited to his application for employment, evaluations and reviews, payroll and benefits information, attendance records, and documents relating to his hiring, training, job performance and termination.

2. All documents relating to formal and informal charges, claims or complaints of discrimination made by [Plaintiff] and civil or administrative proceedings initiated by [Plaintiff] against Kelly Services, Inc.

3. All records listing positions and temporary assignments available through the Lee's Summit Kelly Services Office, the Corporate Woods Kelly Services Office and otherwise through Kelly Services, Inc., from January 2, 2009 to present.

Plaintiff asserts that Defendant has no reasonable basis to believe he failed to mitigate his damages by turning down previous offers of jobs with his current employer, Kelly Services, Inc. He argues there is no basis whatsoever to believe that he has made any charge or claim of discrimination against his current employer. Plaintiff characterizes the subpoena as a subterfuge to notify his current employer that he is suing a previous employer. Plaintiff commits himself to

9

produce the documents he has received from his current employer to show his pay and benefits. He argues that the information sought by the subpoena is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and reflects an attempt to oppress and subject him to harassment and retaliation and ultimately to jeopardize his current employment.

Plaintiff cites two cases from the Southern District of Indiana, whereby the court recognized that a subpoena served on a current employer could be used as a means of harassment. In *Perry v. Best Lock Corp.*,[18] the court remarked that "[i]f filing what is, by all appearances to the court, a fairly routine case alleging individual employment discrimination opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a serious risk that such discovery can become "an instrument for delay or oppression." In *Graham v. Casey's General Stores*,[19] the court quashed a subpoena served on the plaintiff's current employer noting that the plaintiff "has a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job" and that the defendant had the burden "to present independent evidence that provides a reasonable basis" that plaintiff had brought complaints against her current employer.

The Court finds that Plaintiff has shown good cause for a protective order against the proposed subpoena for his current employer. The subpoena is unreasonably broad. It requests information and documents, moreover, which Defendant has not shown to be relevant. And the Court otherwise finds no relevancy. The subpoena asks for employee evaluations and reviews, attendance records, discrimination complaints, records of civil or administrative proceedings

---

[18]No. IP 98-C-0936-H/G, 1999 WL 33494858, at *2 (S.D. Ind. Jan. 21, 1999).

[19]206 F.R.D. 251, 256 (S.D. Ind. 2002).

initiated by Plaintiff, and records of positions and temporary assignments available through his current employer. The memoranda submitted by Defendant lacks any justifiable premise for the production of this hodgepodge of information. The relevant matter sought by the subpoena appears limited to the "payroll and benefits information" of Plaintiff. He has agreed to provide this information. If he has not already done so, he should provide it to Defendant forthwith. That production shall include all documents within the custody, possession or control of Plaintiff that state the payroll and employment benefits provided or available to him from his current employer, Kelly Services, Inc.

Under Rule 26(b)(2)(C)(i), the Court must limit discovery, if it determines that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." The parties need not burden Plaintiff's current employer, if Plaintiff can provide the requested payroll and benefits information. In addition, the risk of the subpoena being used as a tool to harass Plaintiff in his current job, along with the risk of harming his relationship with his employer outweighs any need for Defendant to obtain further confirmation of the payroll and benefits information. Defendant's Motion for Leave to Serve Rule 45 Subpoenas is denied with respect to the subpoena to be served on the current employer.

**III.     Subpoenas to be served on Career Builder, LLC; Missouri Career Search; and Monster Worldwide, Inc.**

Although Plaintiff asserts no substantive objections to the subpoenas Defendant intends to serve on Career Builder, LLC; Missouri Career Search; and Monster Worldwide, Inc., the Court nonetheless finds that they will place an undue burden on the entities to be subpoenaed. In particular, the Court finds the definitions accompanying the proposed subpoenas make them unduly burdensome. In particular, the word "document" or "record" is defined as:

11

anything in your possession, custody, or control, or in the possession, custody or control of your agents, attorneys, or representatives and includes all writings and all data compilations of any kind, including, but not limited to, letters, forms, memoranda, reports, notes, worksheets, drafts, working papers, correspondence, internal memos, notebooks, diaries, calendars, maps, diagrams, plans, graphs, charts, drawings, sketches, visual aids, business records of all kinds, or other papers, whether handwritten, typed, printed, or reproduced photostatically or photographically, film, microfilm, photographs, videotapes, computer, magnetic, mechanical, electronic or optical records, including any transcripts thereof, and e-mail or voice mail messages, including any backup or archived records of the same. The term "document" extends to and specifically encompasses all non-identical copies of any responsive document.[20]

Accordingly, Defendant may serve the subpoenas, but only if the list of "definitions" is removed.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Leave to Serve Rule 45 Subpoenas for the Production of Documents from Third Parties After the Scheduling Order Close of Discovery (ECF No. 45) is granted in part and denied in part, as set forth herein. Defendant is hereby granted leave to serve its proposed subpoenas, without the list of "definitions" hereinabove discussed, upon the following entities: Career Builder, LLC; Missouri Career Search; and Monster Worldwide, Inc. The motion is otherwise denied.

**IT IS FURTHER ORDERED THAT** if Plaintiff has not already done so, he should produce all documents within his custody, possession or control that state the payroll and employment benefits provided or available to him from his employer Kelly Services, Inc.

Dated in Kansas City, Kansas on this 29th day of December, 2010.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge

---

[20]Ex. A to Def.'s Motion (ECF No. 46-1).